IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT JAMIESON,<br>    Plaintiff,<br><br>v.<br><br>COMMONWEALTH<br>OF PENNSYLVANIA,<br>    Defendant. | :<br>:<br>:<br>:   CIVIL ACTION NO. 25-CV-3437<br>:<br>:<br>:<br>: |

## MEMORANDUM

**BEETLESTONE, J.**                                                                                          **JULY 9, 2025**

Robert Jamieson, currently incarcerated at SCI Rockview, filed a *pro se* document titled "Notice for Writ of Mandamus and Immediate Hearing," which the Court construes as a Petition for a Writ of Mandamus, seeking an Order of this Court directing the Court of Common Pleas of Philadelphia County to act on a motion Jamieson filed in that court. (*See* Petition, ECF No. 1.) For the following reasons, the Court will dismiss this case with prejudice for lack of subject matter jurisdiction.

## I.    FACTUAL ALLEGATIONS[1]

Jamieson's allegations are brief. Referring to a criminal case in the Philadelphia County Court of Common Pleas styled *Commonwealth v. Jamieson*, No. CP-51-CR-0001419-2020 (C.P. Phila.), he alleges that on or about January 16, 2025, he filed a "motion to [q]uash" but "has yet to receive any response." (Petition at 1.) He seeks an Order from this Court compelling the state court to "issue a ruling" on his motion. (*Id*. at 2.)

---

[1] The factual allegations set forth in this Memorandum are taken from the Petition. The Court adopts the pagination supplied by the CM/ECF docketing system. Additionally, the Court includes facts reflected in the publicly available state court docket, of which this Court may take judicial notice. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

A review of the publicly available docket in *Commonwealth v. Jamieson*, No. CP-51-CR-0001419-2020 reflects that on November 9, 2021, Jamieson pleaded guilty to third-degree murder and related weapons offenses, receiving a sentence of 24-50 years. (*Id*.) The docket further reflects that Jamieson has filed several post-judgment motions and petitions pursuant to the Pennsylvania Post-Conviction Relief Act. (*Id*.) The docket indicates that Jamieson filed a Motion to Quash on January 16, 2025; that he has submitted numerous motions and other correspondence to the court since; and that a Hearing Notice was issued on June 30, 2025. (*Id*.)

## II.  STANDARD OF REVIEW

The Court must review pleadings and dismiss a matter if, *inter alia*, the action fails to set forth a proper basis for this Court's subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Wilkins v. United States*, 598 U.S. 152, 157 (2023) (noting that "[j]urisdictional [issues] . . . may be raised at any time and courts have a duty" to raise them on their own (internal quotations omitted)); *GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 34 (3d Cir. 2018) ("It is fundamental that federal courts must have subject matter jurisdiction before reaching the merits of a case."). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))).

## III.  DISCUSSION

Jamieson's Petition seeking an Order of this Court directing the Philadelphia Court of Common Pleas to respond to his state court filings must be dismissed for lack of subject matter jurisdiction. There are two sources of jurisdiction for a federal district court to grant relief in the

nature of mandamus. Under 28 U.S.C. § 1361, a federal district court "shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Also, 28 U.S.C. § 1651 confers jurisdiction on this Court to issue a writ of mandamus "in aid of" our jurisdiction.

Section 1361, limited to compelling an executive officer or employee of the United States to perform a duty, does not confer jurisdiction on this Court to issue a writ of mandamus to compel a state judicial officer to act in matters pending in a state court. *See Bainbridge v. Pa. Dep't of Corr.*, No. 23-4835, 2024 WL 1163530, at *3 n.5 (E.D. Pa. Mar. 18, 2024) (citing *Sanchez v. Gonzalez*, No. 05-2552, 2005 WL 2007008, at *3 (D.N.J. Aug. 16, 2005); *Urich v. Diefenderfer*, No. 91-47, 1991 WL 17820, at *1 (E.D. Pa. Feb. 11, 1991)). Section 1651 is not applicable because Jamieson's request for mandamus relief is not one in aid of this Court's jurisdiction. Thus, this Court does not have jurisdiction under either provision to order a state court to respond to Jamieson's filings.

## IV. CONCLUSION

For the reasons stated, Jamieson's Petition will be dismissed with prejudice for lack of subject matter jurisdiction. No leave to amend will be granted since any such attempt would prove futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002). An appropriate Order follows.

BY THE COURT:

S/ WENDY BEETLESTONE

**WENDY BEETLESTONE, J.**